# THE VILLAGE OF HYDE PARK

## *v.*

## THE CITY OF CHICAGO.

*Filed at Springfield March 26, 1888.*

1. TOWNSHIPS—*detaching and annexing territory—under act of 1887 amendatory of Township Organization law—constitutionality of that act.* The act of June 15, 1887, entitled "An act to amend sections 2, 4, 6, 7, 10, 11 and 12, of article 3, of an act entiled 'An act to revise the law in relation to township organization,' approved and in force March 4, 1874," being unconstitutional, as containing a subject not expressed in its title, it follows that any election had under its provisions for the detaching of territory from one town and annexing the same to another wholly within the limits of a city, is void, and fails not only to extend the jurisdiction of such city, but also to detach the territory of one town and unite it to the other.

2. An election under such amendatory law can not be held to have effected a union of two contiguous towns without extending the limits of a city in which one was wholly situate, over the other town, and failing to do the latter, the election is a nullity.

3. INJUNCTION—*to prevent improper interference with corporate property.* The property of an incorporated village is in the nature of a trust fund, which the corporate authorities hold for the use of the public, and any unlawful interference with it, calculated to inflict irreparable injury upon the community, presents a clear case for equitable relief.

APPEAL from the Superior Court of Cook county; the Hon. Gwynn Garnett, Judge, presiding.

Mr. MELVILLE W. FULLER, for the appellant:

The property of the village is to be regarded and protected as if it were the property of an individual. 1 Dillon, (3d ed.) sec. 68. See as to city water works, *Bailey* v. *Mayor,* 3 Hill, 539; *Gas Works* v. *Philadelphia,* 11 Pa. St. 183. As to wharf property, *Grogan* v. *San Francisco,* 18 Cal. 590. As to city ferry rights, *Benson* v. *Mayor,* 10 Barb. 245; *Mayor* v. *Stavin,* 100 N. Y. 1.

Considered as devoted to specified public uses, the village can not divert it nor permit such diversion. For the city to take absolute possession of this property, to which it has no right, is to unlawfully inflict a permanent and continuing injury upon the village.

Injunction, under such circumstances, is the proper and only adequate relief, and a bill for an injunction an approved mode of testing the validity of an alleged law relied on to justify such usurpation. *City of Peoria* v. *Johnston,* 56 Ill. 52; *Smith* v. *Bangs,* 15 id. 399; *People* v. *Whitcomb,* 55 id. 172; *McCord* v. *Pike,* 121 id. 288.

The act is void, as being in contravention of section 13, article 4, of the constitution, as embracing more than one subject. When an act embraces more than one subject, yet the title is broad enough to cover all, the whole act is void. See Cooley's Const. Lim. sec. 148; *State* v. *Barrett,* 27 Kan. 213.

As to the subject, title and provisions germane to the general object, see Cooley's Const. Lim. sec. 141, note; *Fuller* v. *People,* 92 Ill. 185; *Potwin* v. *Johnson,* 108 id. 78; *Lockport* v. *Gaylord,* 61 id. 279; *Middleport* v. *Insurance Co.* 82 id. 565; *Scheler* v. *Detroit,* 45 Mich. 626; *Payne* v. *Mahone,* 41 N. J. L. 292; *McGee* v. *State,* 2 Lea, 622; *Murphy* v. *State,* 8 id. 373; *State* v. *Young,* 47 Ind. 150; *Board* v. *Baker,* 80 id. 374; *People* v. *Wright,* 70 Ill. 388.

Mr. SIDNEY SMITH, also for the appellant:

The act is in violation of section 13, article 4, of the constitution. *O'Leary* v. *Cook County*, 28 Ill. 534; *People* v. *Mellen*, 32 id. 181; *People* v. *Protestant Deaconesses*, 71 id. 229; *Railway Co.* v. *Lake View*, 105 id. 207.

But these proceedings are nugatory, because the provisions of the law itself have not been complied with. In determining the powers of the county board in this regard, this statute should be strictly construed against the power claimed. In case of reasonable doubt it should be construed against the power. Dillon on Mun. Corp. sec. 55, and cases cited in note; *Mather* v. *City of Ottawa*, 114 Ill. 659.

This board must strictly pursue the methods prescribed by this statute. It can exercise the powers expressly granted, only in the manner prescribed by the statute. There can be no dealing in equivalents. *Fitch* v. *Pinckard*, 4 Scam. 69; *Hardin* v. *McFarlan*, 82 Ill. 138; *People* v. *Village of Crotty*, 93 id. 180.

Mr. JAMES P. ROOT, also for the appellant:

The act is void because it embraces more subjects than are expressed in the title. *Potwin* v. *Johnson*, 108 Ill. 77; *O'Leary* v. *Cook County*, 28 id. 534; *Neifing* v. *Pontiac*, 56 id. 172; *Guild* v. *Chicago*, 82 id. 474; *Railroad Co.* v. *Gregory*, 15 id. 20; *People* v. *Wright*, 70 id. 388.

Mr. HENRY V. FREEMAN, also for the appellant:

The act embraces more than one subject. *Martin* v. *People*, 87 Ill. 525; *Town of Woo-Sung* v. *People*, 102 id. 654.

The subject in question is not expressed in the title. *Cutlip* v. *Calhoun County*, 3 W. Va. 590; *Middleport* v. *Life Ins. Co.* 82 id. 562; *Welch* v. *Post*, 99 id. 471.

Mr. JOHN W. GREEN, Mr. CLARENCE A. KNIGHT, and Mr. DANIEL L. SHOREY, for the appellee:

A court of chancery has no jurisdiction to inquire into the validity of an election. *People* v. *Hilliard*, 31 Ill. 425; *People*

v. *Galesburg,* 48 id. 418; *Dickey* v. *Reed,* 78 id. 261; *Jennings* v. *Joyce,* 116 id. 179.

According to the repeated decisions of this court, the power to hold an election is political, and not jurisdictional. Hence a court of equity has no power to restrain officers from the exercise of such powers. *Walton* v. *Develing,* 61 Ill. 201; *Darst* v. *People,* 62 id. 306; *Dickey* v. *Reed,* 78 id. 261.

A court of equity has no power to try a contested election, even when the statute has not provided a mode for contesting. *Moore* v. *Hoisington,* 31 Ill. 245.

The county court has been delegated, by legislative enactment, with the authority to order the election and canvass the votes and declare the result. The legislature has the power. *Galesburg* v. *Hawkinson,* 75 Ill. 152.

As to legislative power to change boundaries of cities, counties and towns, and dispose of their property and revenues, see Dillon on Mun. Corp. sec. 185; *St. Louis* v. *Russell,* 9 Mo. 503; *Terrill* v. *Taylor,* 9 Cranch, 52; *St. Louis* v. *Allen,* 13 Mo. 414; *Smith* v. *McCarthy,* 56 Pa. St. 362; *Powers* v. *Wood,* 8 Ohio St. 288; *Chandler* v. *Boston,* 112 Mass. 204; *Wade* v. *City of Richmond,* 18 Gratt. 583; *Giboney* v. *Cape Girardeau,* 58 Mo. 151; *Morgan* v. *Beloit,* 7 Wall. 613; *New Orleans* v. *Clark,* 5 Otto, 644; *Broughton* v. *Pensacola,* 93 U. S. 266; *People* v. *Burr,* 13 Cal. 342; *Gifford* v. *Supervisors,* 18 Barb. 618; 13 N. Y. 143; *Laramie County* v. *Albany County,* 2 Otto, 307; *Richland County* v. *Lawrence County,* 12 Ill. 000.

That the act is not unconstitutional, see *Potwin* v. *Johnson,* 108 Ill. 70; *Blake* v. *People,* 109 id. 509; *People* v. *Hazelwood,* 116 id. 319; *Hawthorne* v. *People,* 109 id. 307.

The objection was raised, as to the title of the act, that the statute, so far as it undertakes to authorize municipalities to subscribe to the capital stock of the corporation, is unconstitutional, because it embraces two distinct subjects, one the incorporation of the railroad, and the other, an enlargement

of the corporate powers of municipal corporations, the first of which, alone, is expressed in the title.

The court say the question is fully disposed of in the case of *Supervisors of Schuyler County* v. *Rock Island and Alton Railroad Co.* 25 Ill. 181. In this case the Supreme Court cite the cases of *O'Leary* v. *County of Cook*, 28 Ill. 534; *Railroad Co.* v. *Gregory*, 15 id. 29; *Benevolent Association* v. *Lounsbury*, 21 id. 511; *Neifing* v. *Town of Pontiac*, 56 id. 172; *People* v. *Wright*, 70 id. 388; *People* v. *Brislin*, 80 id. 423; *Guild* v. *Chicago*, 82 id. 472; *Fuller* v. *People*, 92 id. 182; *Jonesboro City* v. *Railroad Co.* 110 U. S. 192.

Per CURIAM: Stated in general terms, this was a bill filed by the village of Hyde Park, in the Superior Court of Cook county, against the city of Chicago and others, to restrain the city from interfering with the property and effects of the village, and from attempting to exercise municipal jurisdiction within the territorial boundaries of the latter, and for other purposes. The Superior Court, upon the hearing, entered a decree dismissing the bill for want of equity. The complainant appealed to this court.

The decree, for the reasons stated in the case of *Dolese et al.* v. *Pierce, ante,* p. 140, will have to be reversed. Both cases, in the main, depend upon the same question,—namely, the constitutionality of certain provisions of the amendatory act of 1887, relating to township organization. (Laws 1887, p. 300.) For a full expression of our views on this question, reference is made to the other case.

There is a question in this case that does not arise in the other. Appellees insist, that conceding the facts to be as claimed by appellant, the case is not one of equitable cognizance, and that the decree should be affirmed on this ground. We think otherwise. The property of the village is in the nature of a trust fund. It holds it for the use of the public, and any unlawful interference with it, calculated, as this would

be, to inflict upon the community an irreparable injury in respect to it, presents a clear case for equitable relief. *City of Peoria* v. *Johnston*, 56 Ill. 52; *Smith* v. *Bangs*, 15 id. 399; *People* v. *Whitcomb*, 55 id. 172; *McCord* v. *Pike et al.* 121 id. 288.

It follows from the views expressed in the *Dolese case*, that, by the election referred to in the pleadings, none of the proposed territory in the town of Hyde Park became annexed to the town of South Chicago. We are of the opinion, that any election heretofore held under the 12th section of the amendatory act of 1887 would not only fail to extend the limits of a city so as to embrace all or a portion of an adjoining town proposed to be united to a town wholly within the limits of such city, but would also fail to unite such contiguous town or any portion thereof to the town so embraced within the city limits. In this case, the part of the town of Hyde Park, which it was attempted to annex to the town of South Chicago, was not so annexed by virtue of the election held in November, 1887.

The 12th section of the amendatory act of 1887 provides, that "where one of such towns is wholly within the limits of an incorporated city, the limits of that city shall extend to include both or all such towns." Any vote, taken, before the declaration by this court of the unconstitutionality of the provision here quoted, for the annexation, under the act of 1887, of a town or part of a town to another town lying wholly within the limits of an incorporated city, must be presumed to have been taken with reference to the provision so declared to be unconstitutional. In other words, such election will be presumed to have been had with the purpose in view of extending the limits of the city over the territory annexed to the town wholly within the boundaries of such city. Hence, under the decision in the *Dolese case* such election would be void for all purposes. It can not be held to have effected a union of the towns without extending the limits of the city over both of the towns. It can not be held to have effected a union of part of a contiguous town to the town wholly within the city limits

11—124 Ill.

without extending such limits over the whole of the annexed territory.

While the obnoxious provision was a part of the act and before its constitutionality was passed upon, the people voting under the act to annex part of a town to a town wholly within the limits of a city must have intended to vote for such annexation with a view of having the limits of the city extended over the annexed territory. The question of annexing two towns to each other or part of one town to another town without reference to the extension of the limits of the city could not have been presented to their suffrages. The people can not be declared to have voted for what they did not intend to vote on, and can not be held to have voted upon a question, which was not in their minds at the time of the election.

In this case, the people did not vote upon the simple question of uniting a part of the town of Hyde Park to the town of South Chicago. Therefore, their vote did not have the effect of uniting a part of the town of Hyde Park to the town of South Chicago. They voted upon the question of uniting the village of Hyde Park to the city of Chicago. This abundantly appears from the pleadings, from the evidence, from the arguments of counsel, from the language of the petition for the election, from the proceedings of the village trustees and of the board of county commissioners of Cook county.

The 12th section of the amendatory act of 1887 provides for the union of one town to another or of part of one town to another; it nowhere provides for uniting a village or a part of a village to a town. The petition to be presented to the county board is designated in the 12th section as a petition for the union of towns, not of villages or cities—as a petition for disconnecting territory from one town, not from one village, and annexing the same to another town, not to a village or a city. And yet in the case at bar, the petitioners describe themselves as residents of the "town or *village of Hyde Park;*" they pray that the specified territory be disconnected "from

the town or *village of Hyde Park* and annexed to the town of South Chicago." The proceedings had by the board of commissioners of Cook county on October 3, 1887, speak of receiving a petition for disconnecting a portion of the "town or village of Hyde Park" and annexing it to the town of South Chicago, and the county clerk is directed to submit to the voters of the "town or village of Hyde Park" the question of the annexation to South Chicago of a part of the "town or village of Hyde Park." When the voters are thus called on to vote for the annexation of part of a town *or* part of a village, the question being submitted in an alternative form, and they vote for annexation and against annexation, how can the canvassing board say that they voted to annex the town rather than the village?

At a meeting of the trustees of the village of Hyde Park held on December 19, 1887, it was resolved that certain persons be "appointed a committee with power to act in the adjustment of any matter growing out of the proceedings for annexation between the village of Hyde Park and the city of Chicago."

From all this and much more in the record that might be referred to, it is evident that the election was held under the provision, which we have declared to be unconstitutional, and with a view of effectuating the objects of that provision. Hence the election was void. The voice of the people is all-powerful when expressed in pursuance of laws that are passed in obedience to the constitution. But until the people vote to amend or change the constitution in the mode which they themselves have designated, they as well as their officials are bound to obey its mandates.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*

Mr. JUSTICE SCOTT, dissenting.