THE VILLAGE OF MORGAN PARK, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. MUNICIPAL CORPORATIONS—*statutory authority to annex territory is limited to adjoining territory.* The statutory authority to annex territory to a city, town or village is limited to such territory as is contiguous to the city, town or village, and no incorporated city, town or village can be annexed to another unless they adjoin each other.

2. SAME—*when annexation of village by city cannot take place.* Annexation of a village by a city cannot take place where the city and village adjoin only at the north and south ends of the village, the middle part being occupied by a large tract of unincorporated land, which is surrounded by the city on one side and the village on the other.

3. EQUITY—*equity may protect property rights though legality of election is involved.* While a court of equity will not take jurisdiction merely to determine the legality of an election, it will exercise its jurisdiction to protect property rights from unlawful interference although the determination of the question whether the interference is unlawful may depend upon the question whether a certain election is legal.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, (LEON HORNSTEIN, of counsel,) for appellant.

I. T. GREENACRE, ENOCH J. PRICE, and ALICE GREEN-ACRE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By virtue of the statute athorizing the annexation of any city, incorporated village or town to any other incorporated city, village or town adjoining the same, an election was held on April 4, 1911, in the city of Chicago and the village of Morgan Park, pursuant to the order of the judge of the county court of Cook county, on a proposition for the annexation of the village to the city. The judge of the county court and other officials canvassed the returns of the election and declared the result to be in favor of the annexation. The city took possession of some of the property of the village and assumed to exercise jurisdiction over the territory of the village as a part of the city. The village filed its bill in the circuit court of Cook county against the city, praying for an injunction restraining the city from seizing and carrying away property of the village or assuming authority to exercise jurisdiction over the property affairs of the village and to control the government of its territory. The city answered, relying upon the proceeding for annexation as its authority for assuming jurisdiction over the property and affairs which had belonged to the village and to control the government of the territory previously included within the village. There was a general replication, the cause was heard by the chancellor, and the city was perpetually enjoined and restrained, in accordance with the prayer of the bill, by a final decree, from which the city appealed.

The village of Morgan Park was organized in 1882 under the general act for the incorporation of cities, villages and towns, and was situated partly in the town of Worth and partly in the town of Calumet,—towns of Cook

county organized under the Township Organization law. The city of Chicago was east of the village and the north and south portions of the village adjoined the city, with a common boundary line between the two. The city and village did not adjoin each other near the center and their territory was not contiguous for a considerable distance. The boundary lines of the village and city were not the same for a distance of one and three-quarters miles, and lying between the village and city there was an area of two hundred acres of land which was unincorporated territory of the town of Calumet and commonly called "No Man's Land." If the village should be annexed to the city and become a part thereof there would be within the city, and entirely surrounded by it, a tract of land of two hundred acres, half a mile wide at the north end and one-eighth of a mile wide at the south end, not within the jurisdiction of the city.

The statutory authority to annex territory to a city, town or village is limited to such territory as is contiguous to the city, town or village, and no incorporated city, town or village can be annexed to another unless they adjoin each other. The words employed in the statute which specify the location of two incorporations in relation to each other have no arbitrary meaning or definition, and their meaning must be determined by the object sought to be accomplished by the statute. Where the word "adjacent" was used in the statute with respect to school districts, it was held in *People* v. *Keechler,* 194 Ill. 235, to mean districts so united or joined together as to form a compact district or territory; and in *Wild* v. *People,* 227 Ill. 556, in construing a statute providing for the incorporation, as a village, of contiguous territory, it was held that territory was not contiguous where the only connection was at the corners of tracts, and that the use of a strip of land to connect tracts was a mere subterfuge, and not a compliance with the requirement of the law that the territory should be contigu-

ous. That was a proceeding in *quo warranto* to test the validity of the incorporation of the village of Weston, and the conclusion was that the village could not be organized out of tracts of land connected only by narrow strips, although there was actual contact between different tracts by that method. In *City of Galesburg* v. *Hawkinson,* 75 Ill. 152, it was held that any change in the boundaries of a city must necessarily contract or enlarge the sphere of its municipal jurisdiction and therefore constitute so far an amendment of its charter, and this doctrine was adhered to in *People* v. *Ellis,* 253 Ill. 369. A city could not be organized as the city of Chicago would be with the village of Morgan Park annexed to it, having unorganized or unincorporated territory within its boundaries and entirely surrounded by it. As a city could not be organized in that way, it was not intended by the General Assembly that the same result should be accomplished by a change of the boundaries, constituting to that extent an amendment of its charter. If that could be done by annexation, a city might become a mere ring, hoop or belt around a large unincorporated area, which, of course, was never in contemplation when the statute was enacted. It is therefore clear that a village situated like Morgan Park cannot be annexed to the city of Chicago with unorganized and unincorporated territory of the town of Calumet within the boundaries of the city and entirely surrounded by it.

Counsel for appellant say that the city would have a right to annex the north part of Morgan Park adjoining the city at one time and the south part which adjoined it at another time, which would make all of the village a part of the city, and therefore it was legal and valid to annex the whole at once. In any process of annexation of the village, in parcels or by piecemeal, the same obstacle would be met whenever the effect would be to surround "no man's land." The city could not do indirectly what could not be done directly. Such annexation as attempted here cannot

255 — 13

be made so as to create a city surrounding unorganized territory and accomplish indirectly what could not be done in the original organization of a city.

The last suggestion in the brief and argument for the appellant is that the court of equity had no jurisdiction. While a court of equity will not take jurisdiction merely to determine the legality of an election, it will exercise its jurisdiction to protect property rights from unlawful interference, although the determination of the question whether the interference is unlawful may depend upon the question whether an election was legal. (*Village of Hyde Park* v. *City of Chicago,* 124 Ill. 156; *Town of Cicero* v. *City of Chicago,* 182 id. 301; *Village of East Springfield* v. *City of Springfield,* 238 id. 534.) The question here is not merely what the result of the election was, but whether the village of Morgan Park is so situated that an election could be held, under the law, for its annexation to the city.

The decree is affirmed.                    *Decree affirmed.*