# THE RED RIVER VALLEY BRICK CORPORATION et al. v. THE CITY OF GRAND FORKS et al.

(146 N. W. 876.)

**Civil contempt — order of trial court — appealable.**

1. The facts in this case disclose a civil contempt, and an appeal lies to this court from an order of the trial court finding the defendants not guilty.

**Evidence — contempt — good faith — no defense — sentence — clemency.**

2. Evidence examined, and *held* to show the defendants guilty of contempt of court. *Held*, that it is the duty of the trial court to so hold, notwithstanding that the defendants acted in good faith and that no damage had resulted to plaintiff. If clemency in the premises should be shown, the proper place for its exercise is in the imposition of the sentence.

**Punishment — discretion of court — fine — costs.**

3. The punishment rests in the sound discretion of the trial court, under § 7562, Rev. Codes 1905, and the fine may be nominal. In addition to the fine, the plaintiff should be allowed to tax costs, including statutory attorney's fees.

Opinion filed March 6, 1914. Rehearing denied April 13, 1914.

Appeal from the District Court of Grand Forks County, *Kneeshaw,* Judge.

Reversed in part, and in part affirmed.

*Geo. A. Bangs,* and *Geo. R. Robbins,* for appellants.

Under the act in question the city stands in no representative capacity toward the owners or residents of the annexed tract of land; the rights of such owners and residents are not consulted, and they have no voice in the proceedings to annex their territory to the city. The act is invalid. People ex rel. Shumway v. Bennett, 29 Mich. 451, 18 Am. Rep. 107; Morton v. Holes, 17 N. D. 158, 115 N. W. 256; People ex rel. Atty. Gen. v. Holihan, 29 Mich. 116; State ex rel. Bolt v. Riordan, 73 Mich. 508, 41 N. W. 482; State ex rel. Williams v. Sawyer County, 140 Wis. 634, 123 N. W. 248; Glaspell v. Jamestown, 11 N. D. 89, 88 N. W. 1023; State ex rel. Johnson v. Clark, 21 N. D. 517, 131 N. W. 719; Peru v. Bearss, 55 Ind. 576.

The order dismissing the order to show cause is a final order and is appealable. Merchant v. Pielke, 9 N. D. 245, 83 N. W. 18; Ballston Spa Bank v. Marine Bank, 18 Wis. 491; Vilter Mfg. Co. v. Humphrey, 132 Wis. 587, 13 L.R.A.(N.S.) 591, 112 N. W. 1095; Rev. Codes 1905, § 5626 (7225).

The merits of the original litigation cannot be here involved. 9 Cyc. 11; 7 Am. & Eng. Enc. Law, 56; 2 High, Inj. 4th ed. §§ 1416, et seq.; People ex rel. Davis v. Sturtevant, 9 N. Y. 263, 59 Am. Dec. 536; People v. Spalding, 2 Paige, 330; Erie R. Co. v. Ramsey, 45 N. Y. 644; Clark v. Bininger, 75 N. Y. 344; Cline v. Whittaker, 144 Wis. 439, 129 N. W. 400.

Courts possess inherent power to punish for contempt. 9 Cyc. 26; 7 Am. & Eng. Enc. Law, 2d ed. 33; State ex rel. Crow v. Shepherd, 177 Mo. 205, 99 Am. St. Rep. 624, 76 S. W. 88; Wyatt v. People, 17 Colo. 252, 28 Pac. 964; Re Hanson, 80 Kan. 784, 105 Pac. 694; Drady v. District Ct. 126 Iowa, 345, 102 N. W. 117; Rucker v. State, 170 Ind. 638, 85 N. W. 356; Mahoney v. State, 33 Ind. App. 658, 104 Am. St. Rep. 276, 72 N. E. 151.

The injunction is not vacated by appeal. 2 High, Inj. §§ 1698–1702, pp. 1647, 1648; 2 Cyc. 913; 22 Cyc. 1011; 7 Am. & Eng. Enc. Law, 2d ed. 55; 16 Am. & Eng. Enc. Law, 2d ed. 436; 20 Enc. Pl. & Pr. 1231; 2 Spelling, New Tr. & App. Pr. § 561; State ex rel. Matthews

v. Chase, 41 Ind. 356; Walls v. Palmer, 64 Ind. 493; Central U. Teleph. Co. v. State, 110 Ind. 203, 10 N. E. 922, 12 N. E. 136; Hawkins v. State, 126 Ind. 294, 26 N. E. 43; 6th Ave. R. Co. v. Gilbert Elev. R. Co. 71 N. Y. 430; Genet v. Delaware & H. Canal Co. 113 N. Y. 472, 21 N. E. 390; Lindsay v. Clayton Dist. Ct. 75 Iowa, 509, 39 N. W. 817; Lindsay v. Hatch, 85 Iowa, 332, 52 N. W. 226; Cole v. Edwards, 104 Iowa, 373, 73 N. W. 863; Whitlock v. Wade, 117 Iowa, 153, 90 N. W. 587; Young v. Rothrock, 121 Iowa, 588, 96 N. W. 1105; Slaughter-house Cases, 10 Wall. 273, 19 L. ed. 915; Hovey v. McDonald, 109 U. S. 150, 27 L. ed. 888, 3 Sup. Ct. Rep. 136; Leonard v. Ozark Land Co. 115 U. S. 465, 29 L. ed. 445, 6 Sup. Ct. Rep. 127; Knox County v. Harshman, 132 U. S. 14, 33 L. ed. 249, 10 Sup. Ct. Rep. 8; Merrimack River Sav. Bank v. Clay Center, 219 U. S. 527, 55 L. ed. 320, 31 Sup. Ct. Rep. 295, Ann. Cas. 1912A, 513; Green Bay & M. Canal Co. v. Morris, 63 C. C. A. 433, 128 Fed. 897; New England R. Co. v. Hyde, 41 C. C. A. 404, 101 Fed. 400; Merced Min. Co. v. Fremont, 7 Cal. 130, 7 Mor. Min. Rep. 309; Heinlen v. Cross, 63 Cal. 44; Swift v. Shepard, 64 Cal. 423, 1 Pac. 493; Dewey v. Superior Ct. 81 Cal. 68, 22 Pac. 333; Stewart v. Superior Ct. 100 Cal. 543, 35 Pac. 156, 563; Schwartz v. Superior Ct. 111 Cal. 106, 43 Pac. 580; Foster v. Superior Ct. 115 Cal. 279, 47 Pac. 58; Rogers v. Superior Ct. 126 Cal. 183, 58 Pac. 452; Clute v. Superior Ct. 155 Cal. 15, 132 Am. St. Rep. 54, 99 Pac. 362; Barnes v. Chicago Typographical Union, 232 Ill. 402, 14 L.R.A.(N.S.) 1150, 122 Am. St. Rep. 129, 83 N. E. 932; Bullion B. & C. Min. Co. v. Eureka Hill Min. Co. 5 Utah, 151, 13 Pac. 174, 15 Mor. Min. Rep. 449; Ex parte Whitmore, 9 Utah, 441, 35 Pac. 524; State ex rel. Busch v. Dillon, 96 Mo. 56, 8 S. W. 781; C. H. Albers Commission Co. v. Spencer, 236 Mo. 608, 139 S. W. 325, Ann. Cas. 1912D, 705; State v. Barnett, 111 Mo. App. 552, 86 S. W. 460; Powhatan Coal & Coke Co. v. Ritz, 60 W. Va. 395, 9 L.R.A.(N.S.) 1225, 56 S. E. 257; State ex rel. Bettman v. Harness, 42 W. Va. 414, 26 S. E. 270; Wilkinson v. Dunkley-Williams Co. 141 Mich. 409, 104 N. W. 772, 7 Ann. Cas. 40; Kentucky & I. Bridge Co. v. Krieger, 91 Ky. 625, 16 S. W. 824; Maloney v. King, 26 Mont. 487, 68 Pac. 1012; State ex rel. Commercial Electric Light & P. Co. v. Stallcup, 15 Wash. 263, 46 Pac. 251; State ex rel. Flaherty v. Superior Ct. 35 Wash. 200, 77 Pac.

27 N. D.—28.

33; State ex rel. Burrows v. Superior Ct. 43 Wash. 225, 86 Pac. 632; State ex rel. Gibson v. Superior Ct. 39 Wash. 115, 1 L.R.A.(N.S.) 554, 109 Am. St. Rep. 862, 80 Pac. 1108, 4 Ann. Cas. 229; Ft. Worth Fair Asso. v. Ft. Worth Driving Club, 56 Tex. Civ. App. 167, 121 S. W. 213; Lytle v. Galveston, H. & S. A. R. Co. 41 Tex. Civ. App. 112, 90 S. W. 316; Union Sawmill Co. v. Felsenthal Land & Townsite Co. 84 Ark. 494, 106 S. W. 676; Sheridan v. Reese, 121 La. 226, 46 So. 218.

The advice of counsel is no defense. 2 Cyc. 915; 9 Cyc. 25; 22 Cyc. 1013; State v. Nicoll, 40 Wash. 517, 82 Pac. 895; Wilcox Silver Plate Co. v. Schimmel, 59 Mich. 524, 26 N. W. 692; Lansing v. Easton, 7 Paige, 364; Hessey v. Gund, 98 Wis. 531, 74 N. W. 342; State ex rel. Mann. v. Brophy, 38 Wis. 427; Continental Nat. Bldg. & L. Asso. v. Scott, 41 Fla. 421, 26 So. 726; State ex rel. Mason v. Harper's Ferry Bridge Co. 16 W. Va. 864.

The injunction binds all persons, although not parties to the action, who have actual knowledge of it. Garrigan v. United States, 23 L.R.A. (N.S.) 1295, 89 C. C. A. 494, 163 Fed. 16; Ex parte Teslard, 102 Tex. 287, 115 S. W. 1155, 20 Ann. Cas. 117; People ex rel. Stearns v. Marr, 181 N. Y. 463, 106 Am. St. Rep. 562, 74 N. E. 431, 3 Ann. Cas. 28; Ex parte Lennon, 12 C. C. A. 134, 22 U. S. App. 561, 64 Fed. 323; 22 Cyc. 1011; 22 Cyc. 1013; State v. Nicoll, 40 Wash. 517, 82 Pac. 895; 9 Cyc. 59; State ex rel. Hoefs v. District Ct. 113 Minn. 304, 129 N. W. 583; Murphey v. Harker, 115 Ga. 77, 41 S. E. 585; Ashby v. Ashby, 62 N. J. Eq. 618, 50 Atl. 473; Clay v. Watters, 101 C. C. A. 645, 178 Fed. 385, 21 Ann. Cas. 897.

Attorney's and counsel fees are included as costs and expenses, and may be imposed upon the persons sued. My Laundry Co. v. Schmeling, 129 Wis. 621, 109 N. W. 540; State ex rel. Hoefs v. District Ct. 113 Minn. 304, 129 N. W. 583; Davidson v. Munsey, 29 Utah, 181, 80 Pac. 743; People ex rel. Garbutt v. Rochester & State Line R. Co. 76 N. Y. 301; Brett v. Brett, 33 Hun, 547; State ex rel. Curtis v. Durein, 46 Kan. 695, 27 Pac. 148; 9 Cyc. 55; 4 Enc. Pl. & Pr. 807; Taylor v. Chicago, M. & St. P. R. Co. 83 Wis. 645, 53 N. W. 855; Emerson v. Huss, 127 Wis. 215, 106 N. W. 518; Vilter Mfg. Co. v. Humphrey, 132 Wis. 592, 13 L.R.A.(N.S.) 591, 112 N. W. 1095; Fall Brook Coal Co. v. Hecksher, 42 Hun, 534; People v. Spalding, 2

Paige, 330; Lansing v. Easton, 7 Paige, 364; Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Socialistic Co-op. Pub. Asso. v. Kuhn, 164 N. Y. 473, 58 N. E. 649.

*J. B. Wineman,* for respondents.

The alleged contempt is more in the nature of a criminal contempt than civil, and if so, no appeal lies. Phillips v. Welch, 11 Nev. 187; Rapalje, Contempt, § 21; 7 Am. & Eng. Enc. Law, 2d ed. 2829; Gompers v. Buck's Stove & Range Co. 221 U. S. 441, 55 L. ed. 805, 34 L.R.A.(N.S.) 874, 31 Sup. Ct. Rep. 492.

This court will refuse, in such cases, to try any case anew that does not fall within the provisions of § 5630, Rev. Codes 1905. Noble Twp. v. Aasen, 10 N. D. 268, 86 N. W. 742; Zimmerman v. State, 46 Neb. 13, 64 N. W. 375; Craig v. McCulloch, 20 W. Va. 148; Rev. Codes 1905, § 7218.

The respondents obeyed the injunctional order in every particular, until after perfecting their appeal to the supreme court, and the execution of the judgment stayed. 18 Am. & Eng. Enc. Law, 299; Ætna Ins. Co. v. Kittles, 81 Ind. 97; Territory ex rel. Wallace v. Woodbury, 1 N. D. 85, 44 N. W. 1077; Carruth v. Taylor, 8 N. D. 172, 77 N. W. 617; Northwestern Mut. L. Ins. Co. v. Park Hotel Co. 37 Wis. 125; Hudson v. Smith, 9 Wis. 122; Schwarz v. Superior Ct. 111 Cal. 106, 43 Pac. 580; Stewart v. Superior Ct. 100 Cal. 543, 35 Pac. 156; Holmes v. Mattoon, 111 Ill. 27, 53 Am. Rep. 602; Foster v. Superior Ct. 115 Cal. 279, 47 Pac. 58; 9 Cyc. 12; Riley Bros. Co. v. Melia, 3 Neb. (Unof.) 666, 92 N. W. 913; State v. Johnson, 13 Fla. 33; Osborne v. Williams, 40 N. J. Eq. 490, 4 Atl. 439; Northern C. R. Co. v. Canton Co. 24 Md. 500; Gelston v. Sigmund, 27 Md. 345; State ex rel. Gibson v. Superior Ct. 1 L.R.A.(N.S.) 555, note; Exley v. Berryhill, 37 Minn. 182, 33 N. W. 567.

An appeal of any kind, when perfected, deprives the court from which the appeal is taken or power or jurisdiction to enter further orders or process. Elliott, App. Proc. 541; Harris v. People, 66 Ill. App. 306; Heyman v. Heyman, 117 Ill. App. 545; Ex parte Thatcher, 7 Ill. 167; Ambrose v. Weed, 11 Ill. 488; Jenkins v. Jenkins, 91 Ill. 167; People ex rel. Frank v. Prendergast, 117 Ill. 588, 6 N. E. 695; Smith v. Chytraus, 152 Ill. 664, 38 N. E. 911; Elzas v. Elzas, 183 Ill. 160, 55 N. E. 669; Cowan v. Curran, 216 Ill. 622, 75 N. E. 322;

Continental Invest. & L. Soc. v. McKay, 69 Ill. App. 72; Anderson v. Anderson, 124 Ill. App. 621; Harris v. People, 66 Ill. App. 310; Pennsylvania R. Co. v. National Docks & N. M. Junction Connecting R. Co. 54 N. J. Eq. 647, 35 Atl. 433; Howe v. Searing, 6 Bosw. 686; Ireland v. Nichols, 9 Abb. Pr. N. S. 72; Ex parte Orford, 102 Cal. 656, 36 Pac. 928; Ruggles v. Superior Ct. 103 Cal. 125, 37 Pac. 211; Catlin v. Baldwin, 47 Conn. 173; State, Hunt, Prosecutor, v. Lambertville, 46 N. J. L. 59; McQuade v. Emmons, 38 N. J. L. 397; Patchin v. Brooklyn, 13 Wend. 664; M'Laughlin v. Janney, 6 Gratt. 609; Bristow v. Home Bldg. Co. 91 Va. 18, 20 S. E. 946, 947; Kentucky & I. Bridge Co. v. Krieger, 91 Ky. 625, 16 S. W. 824; Smith v. Western U. Teleg. Co. 83 Ky. 269; Yocum v. Moore, 4 Bibb, 221; Hamilton v. State, 32 Md. 348; Barnes v. Chicago Typographical Union, 14 L.R.A.(N.S.) 1151, note; Gelston v. Sigmund, 27 Md. 345.

The trial courts of this state are vested with discretion in contempt proceedings. Brown v. Brown, 96 Ky. 505, 29 S. W. 319; Howard v. Durand, 36 Ga. 346, 91 Am. Dec. 767; People ex rel. New York Soc. v. Gilmore, 88 N. Y. 626; Murray v. Berry, 113 N. C. 46, 18 S. E. 79; Re Consolidated Rendering Co. 80 Vt. 55, 66 Atl. 790, 11 Ann. Cas. 1071; Eaton Rapids v. Horner, 126 Mich. 52, 85 N. W. 265; New York v. New York & S. I. Ferry Co. 64 N. Y. 622; Moon Bros. Carriage Co. v. Waxahachie Grain & Implement Co. 13 Tex. Civ. App. 103, 35 S. W. 337; Coursen v. Dearborn, 7 Robt. 143; Scott v. Layng, 59 Mich. 43, 26 N. W. 220, 791; Ex parte Woodruff, 4 Ark. 630; Re Contempt by Four Clerks, 111 Ga. 89, 36 S. E. 237; Darby v. Wesleyan Female College, 72 Ga. 212; Lightfoot v. Freeman, 54 Ga. 215; Heard v. Callaway, 51 Ga. 314; Dinet v. People, 73 Ill. 183; Kahlbon v. People, 101 Ill. App. 567; Hughson v. People, 91 Ill. App. 396; Allen v. State, 131 Ind. 599, 30 N. E. 1093; Fishback v. State, 131 Ind. 304, 30 N. E. 1088; Burke v. State, 47 Ind. 528; Re Woolley, 11 Bush, 95; Re Chadwick, 109 Mich. 588, 67 N. W. 1071; Mackay v. State, 60 Neb. 143, 82 N. W. 372; Rosewater v. State, 47 Neb. 630, 66 N. W. 640; Percival v. State, 45 Neb. 741, 50 Am. St. Rep. 568, 64 N. W. 221; Watertown Paper Co. v. Place, 51 App. Div. 633, 64 N. Y. Supp. 673; Re Wegman, 40 App. Div. 632, 57 N. Y. Supp. 987; Bergh's Case, 16 Abb. Pr. N. S. 266; Weeks v. Smith, 3 Abb. Pr. 211; Re Fitton, 16 How. Pr. 303; Jackson v. Smith, 5

Johns. 115; Kron v. Smith, 96 N. C. 386, 2 S. E. 463; Re Walker, 82 N. C. 95; Ex parte Biggs, 64 N. C. 202; Re Moore, 63 N. C. 397; St. Clair v. Piatt, Wright (Ohio) 532; State v. Coulter, Wright (Ohio) 421; Thomas v. Cummins, 1 Yeates, 40; Wells v. Com. 21 Gratt. 500; United States v. Church of Jesus Christ, 6 Utah, 9, 21 Pac. 503, 524, 8 Am. Crim. Rep. 138; Re Perkins, 100 Fed. 950; Vose v. Internal Improvement Fund, 2 Woods, 647, Fed. Cas. No. 17,008.

If respondents are guilty of the acts charged, it is beyond their power to undo such acts, and consequently the only object of punishment would be to vindicate the dignity of the court; and such being the case, the court ought to be the sole judge as to whether or not its dignity has been vindicated. 9 Cyc. 52; Cartwright's Case, 114 Mass. 230; Stimpson v. Putnam, 41 Vt. 238; Re Chiles (Texas v. White) 22 Wall. 157, 22 L. ed. 819; Re Perkins, 100 Fed. 950.

The question of costs is not properly before this court; it was not before or considered by the trial court. O'Rourke v. Cleveland, 49 N. J. Eq. 577, 31 Am. St. Rep. 719, 25 Atl. 367.

BURKE, J. During the year 1911 the city of Grand Forks, acting through its city council and under the provisions of article 20, Political Code, Rev. Codes 1905, attempted to annex certain territory contiguous to said city, which territory included about ten acres of land belonging to this plaintiff. On the 11th of March, 1912, an action was instituted to determine the validity of the proceedings, and upon the trial below it was determined that all of said proceedings were void, and the defendant city and its officers were perpetually enjoined from proceeding with the said annexation. This injunction was dated the 6th day of May, 1912, and on the 22d of the same month defendant perfected an appeal to this court, a bond being expressly waived. On the 25th of May, 1912, plaintiff filed an affidavit alleging that the defendants were violating the injunction order by proceeding with the levy of the city tax upon the said territory, and again on the 7th of June another affidavit was filed alleging that the city of Grand Forks, its assessor, mayor, auditor, and city attorney, had violated the injunction order of the court, and an order was asked requiring them to show why they should not be punished for contempt. This order was issued and served upon all of the defendants excepting the mayor, who was absent from the

state. Upon the return day the defendants appeared specially, and objected to the jurisdiction of the court, and filed answers denying that they had acted wilfully and contumaciously, particularly disclaiming any intention of being disrespectful to the court, and alleging that they had been actuated alone by a desire to perform their duties as officials of the city of Grand Forks, and to protect the interests of the public by complying with the provisions of the statute relative to the assessment of property. Interrogatories were prepared, and in answer thereto the said officials admitted that they had proceeded with the assessment of plaintiff's premises, but had done so upon the advice of the city attorney, and upon the belief that the appeal to the supreme court had superseded the effects of the injunction. The case was tried before the trial court, who found that the defendants were not guilty of any intentional contempt as charged, and dismissed the proceedings. This appeal is from such finding and order.

The defendants appealed the original case, involving the validity of the annexation proceedings, to this court, as before mentioned, and the judgment was affirmed. See Red River Valley Brick Co. v. Grand Forks, ante, 8, 145 N. W. 725.

(1) The first point arising is whether or not an appeal will lie from this order. Respondent takes the ground that this is a criminal contempt, and the finding of the trial court amounts to an acquittal of the charge, but we do not think this view can be sustained. In Enoch Morgan's Sons Co. v. Gibson, 122 Fed. 420, it is said: "Contempts of court are of two kinds: Those that are prosecuted to punish persons for showing disrespect to the courts, either by offensive conduct in their presence or by setting their authority at defiance, in the prosecution of which the entire public is immediately interested because the welfare of the courts is concerned; and those contempt proceedings that are inaugurated at the instance of some private litigant or litigants to compel obedience to an order or decree made in the case for the protection of their individual rights. In the latter class of cases the public at large is not directly interested. The proceeding does not partake of the character of a public prosecution at the instance of the state, as for a crime committed in setting the authority of its courts at defiance, but the proceeding is rather of a civil or remedial nature, for the benefit of a particular individual or individuals whose rights cannot be other-

wise preserved." It is apparent that the contempt proceedings under consideration belong to the civil class, and, under the ruling in the case of Merchant v. Pielke, 9 N. D. 245, 83 N. W. 18, the order is an appealable one.

(2) The next question for consideration is whether or not the finding of the trial court to the effect that the defendants were not guilty is sustained by the evidence. It is conceded that the city of Grand Forks itself, the mayor and the city auditor, did nothing in violation of the injunction order, and as to them the judgment of the trial court is correct and should be affirmed; but as to the assessor and the city attorney a different state of facts exist. The following interrogatory was propounded to the assessor: Q. "Did you obey, and have you since May 25, 1912, obeyed, the commands, requirements therein (in said judgment) contained?" A. "No." And the city attorney was asked the following interrogatory: Q. "Have you obeyed the commands, requirements, and injunctions in said judgment contained?" A. "I have not." And the other interrogatories and proceedings fully bear out the conclusions announced by those two defendants. While it is conceded that the assessor and city attorney have acted in perfect good faith and in the belief that the appeal had superseded the provision of the injunction, and that they were conserving the interests of the city, and that no harm could or would come to the plaintiffs by reason of their acts, still we think their conduct at least a technical guilt, and the trial court should have so found. In the case of Enoch Morgan's Sons Co. v. Gibson, supra, it is said: "Moreover, if that right has been invaded by the appellee, notwithstanding the decree, the court which entered the decree could with no greater propriety refuse relief when the fact was called to its attention by the appellant than it could withhold an execution to collect a judgment which it had rendered." In Vilter Mfg. Co. v. Humphrey, 132 Wis. 587, 13 L.R.A.(N.S.) 591, 112 N. W. 1095, it is said: "The order in question may have been too broad, but it was within the jurisdiction of the commissioner, and if erroneous, the remedy was by motion to modify its terms, not by disregarding them. The orders of a court having jurisdiction must be obeyed. If they can with impunity be disregarded, they should never be made. A court which makes such orders can give no good reason for its existence. It should be abolished. It is not a court in any true sense of

the term." See also State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co. 55 Wash. 1, 103 Pac. 426, 107 Pac. 196.

The evidence conclusively establishes the fact that the defendants were guilty of contempt, and the fact that they were acting in good faith, and that no damage had come to the plaintiffs, could in no manner alter the ultimate fact of their guilt. Provision is made for clemency on account of those extenuating circumstances. Sec. 7562, Rev. Codes 1905, provides that when no actual injury or loss has been produced, the fine shall not exceed $250 over and above the costs and expenses of the proceeding. This leaves the question of extenuating circumstances to be considered by the court after the defendant has been adjudged guilty, and the question of clemency should not be extended to an acquittal upon the charge. The finding of the trial court as to those two defendants is erroneous, and must be reversed.

(3) The question of punishment lies in the sound discretion of the trial court. If that court desires to extend leniency, the fine may be a mere nominal one. This fine must be in addition to the costs and expenses of the proceedings, which will be taxed by the clerk of court the same as any other civil action. The attorneys' fees included in this taxation will be statutory, and not those actually incurred. Of course, the statutory cost will not fully reimburse appellant, but this objection can be made to every lawsuit. As no damages had been incurred at the time of the institution of the proceedings, nothing need be allowed upon this score.

The judgment of the trial court is reversed in the particulars named, and affirmed otherwise. Appellant will recover costs on this appeal.

Opinion filed March 6, 1914.  Rehearing denied April 13, 1914.

