In the Matter of the Application of HENRY C. PECK and Another for an Order of Mandamus.*

TOWN BOARD OF THE TOWN OF BRIGHTON, MONROE COUNTY, and Another, Appellants; HENRY C. PECK and Another, Respondents.

Fourth Department, December 2, 1930.

*Frank H. Parker*, for the appellant Town Board of the town of Brighton.

*Edward M. Ogden*, for the appellant Town Zoning and Building Commission of the town of Brighton.

*William F. Lynn*, for the respondents.

PER CURIAM. In a petition dated January 2, 1930, respondents applied for an order of mandamus compelling appellant Town Board of the town of Brighton to grant them a permit to install a gasoline station. An alternative order was granted. The appeal here is from an order denying a motion to strike out certain parts of the petition, to dismiss the petition and/or to alter it. The petitioners allege the granting in 1925 to a member of the Brighton town board of a similar permit to install a gasoline station in the same general locality. This administrative act (*Weston* v. *City of*

*Revg. 137 Misc. 703. See, also, 136 Misc. 294.

*Syracuse,* 158 N. Y. 274) was never attacked directly and, therefore, has no significance on this appeal. In December, 1926, a valid town ordinance was passed, providing, in part, as follows: " No garage   *   *   *   and no gasoline filling station shall have an entrance or exit for motor vehicles within three hundred feet   *   *   *   of the entrance or exit of a public or private school.   *   *   *   No gasoline filling station shall be permitted unless it appears to the Zoning and Building Commission, after first a public hearing thereon followed by a resolution of approval of the Town Board, that such filling station is in their opinion necessary."

This was a legislative act under a general grant of power (Laws of 1926, chap. 715, amdg. Town Law, § 142-a; renum. § 141-c by Laws of 1929, chap. 62; *Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377, 395, 396) and is open to attack, upon the ground that its provisions are unreasonable. (*Matter of Stubbe* v. *Adamson,* 220 N. Y. 459.) A reading of the ordinance shows that the general purposes served by it are entirely reasonable and in furtherance of the public welfare. This is not disputed, nor is it claimed that the ordinance was not formally enacted. The contention of respondents is that the ordinance was passed in order that the town board might have an ostensible reason for denying to respondents an opportunity of becoming a business rival of a town board member, and that, therefore, it was passed in bad faith and with sinister, discriminatory and improper motives. Such a claim has no legal merit. (*Baird* v. *Mayor, etc., of City of N. Y.,* 96 N. Y. 567, 581; *Kittinger* v. *Buffalo Traction Co., supra,* 388–392; *McCabe* v. *City of New York,* 213 N. Y. 468.)

For the reasons given and the added reason that the desired location of the proposed station clearly comes within the ban of the operative ordinance, the petition is insufficient in law, and the order appealed from should be reversed on the law and the petition dismissed.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion to dismiss petition granted, with ten dollars costs.