In the Matter of the Application of GEORGE MITRUS,. Petitioner, against GEORGE H. NICHOLS, as Clerk of the Village of Endicott, New York, and JOSEPH H. KELLY, as Mayor, and JOHN TOCCO and Others, Constituting the Board of Trustees Thereof, Respondents.

Supreme Court, Special Term, Broome County, July 31, 1939.

*John J. Dapolito,* for the petitioner.

*John D. O'Laughlin,* for the respondents.

GOLD (A. E.), J. On March 13, 1939, the then board of trustees of the village of Endicott, N. Y., adopted a resolution to annex certain territory to the village. (Village Law, § 348.) On April tenth a new board of trustees decided to repeal it. Petitioner, claiming

that the repeal was invalid, seeks an order compelling the mayor, village clerk and trustees to perfect the annexation by making and filing the necessary certificate, description and map. (Village Law, § 348, subd. 5.)

The legality of the original resolution is not seriously challenged. Only a single fault is found in the preliminary steps necessary to annexation. The clerk of the town in which the territory is situated filed copies instead of the original petition to annex and the required consent of the town board. (Village Law, § 348, subd. 1.) The mistake was not fatal. It was at most a technical irregularity. That it may be disregarded is clear. (*Village of Lynbrook* v. *Cadoo*, 252 N. Y. 308, 313.) If there were this and nothing more, petitioner would be entitled to the relief which he seeks.

The new board of trustees, however, repealed the resolution and the alleged defect becomes academic save as it bears upon the chief argument which the petitioner now makes. Petitioner claims that it was the town clerk's error and that alone which impelled the board to rescind the resolution. He insists, therefore, that the trustees were attempting to decide a question of law by the repeal, and because the decision was plainly erroneous, the court may and should intervene.

In support of his argument, the petitioner has offered the affidavits of three persons who were at the meeting. They state, in substance, that the board acted on an opinion of the village attorney, in writing, that the alleged defect in the proceedings could not be disregarded without danger of future legal attack. Petitioner's attorney, who attended the meeting, states: " The resolution for repeal was accordingly made on the ground of the alleged non-compliance with the statute. Without calling for any discussion or permitting any discussions on the merits on this resolution, a vote was called and it was unanimously passed. There was no discussion. * * * I was advised that I was out of order, that the resolution had passed, and that it had passed on the proposition of non-compliance with the statutes in the filing of the copy of the petition and that the cost had nothing to do with it. I then urged the Board to reconsider its action and to consider the question on its merits rather than on the technicality, and this they refused to do."

That the village attorney did render such an opinion is conceded. He said in part: " I do not find that the petition is certified to the effect that the same is a true and correct copy of the original thereof, but even though it were, I would further question its legality since the law specifically provides for the filing of the original with the Clerk of the Village. This apparently was not done and the failure to so do is not quite as technical as it may

seem since the manner of its passage might be raised at any time by any taxpayer residing within the territory to be annexed who had not petitioned for annexation, particularly if an objection were filed against any taxes or other assessments which might be levied in such territory. I seriously question the advisability of overlooking such irregularities since the question of annexation is considerably technical and the provisions of the law relating thereto strictly apply."

This apprehension, although undoubtedly sincere, was nevertheless groundless. (*Village of Lynbrook* v. *Cadoo, supra.*) The respondents vigorously deny, however, that the resolution was repealed for the reason claimed. The trustee who led the fight for repeal asserts " that he did not offer such resolutions on the 10th day of April, 1939, upon any technical grounds of the failure of the Town Clerk to file original petitions," but that he acted " solely upon a question of policy and the merits of the matter."

More is argued but further discussion would be useless. There is no need to choose between these conflicting versions of the meeting. All that the petitioner claims may be conceded and yet the repeal must stand. The board of trustees is a legislative body. Repeal is a legislative act. The resolution to annex the territory could not become final until thirty days had elapsed. (Village Law, § 139-a. Cf. *Abell* v. *Hunter*, 211 App. Div. 467, 473.) The board had power to annul it in the meantime. (Village Law, § 139-c.) It is enough that the power was exercised whatever the reason. " Municipal ordinances passed in pursuance of authority from the Legislature have the force of law as obligatory as if enacted by the Legislature itself." (*City of Buffalo* v. *N. Y., L. E. & W. R. R. Co.*, 152 N. Y. 276, 280.)

The relief which the petitioner seeks is beyond the rightful authority of a court to grant. The judiciary has no general supervision over legislation. The policy, wisdom or economy of a law are not matters of judicial concern. The courts may properly intervene only when the legislative act in question offends the organic law or is otherwise in excess of delegated power. " Where the power which is exercised is legislative in character, the courts can enforce only those limitations which the Constitution imposes; not those implied restrictions which, resting in theory alone, the people have been satisfied to leave to the judgment, patriotism, and sense of justice of their representatives." (Cooley, Constitutional Limitations [7th ed.], p. 184.)

It is true that a village board of trustees, like other legislative bodies, is invested with some functions which are purely judicial or administrative in nature. In performing such functions, the acts

of the board are unquestionably subject to judicial review. (*Weston* v. *City of Syracuse*, 158 N. Y. 274, 287.) Repeal of a law, however, is never in that category. To declare what the law shall be is always legislative. (*Dash* v. *Van Kleek*, 7 Johns. 477, 498.) " When the action of  *  *  *  a public body is merely legislative *  *  *  although it may involve the exercise of discretion, it cannot be reviewed by certiorari and so it has so often been held that the rule has become elementary." (*People ex rel. Trustees* v. *Board of Supervisors*, 131 N. Y. 468, 471; *Matter of Neddo* v. *Schrade*, 270 id. 97; *Matter of Fissene* v. *Bay Ridge Dist. Local Board*, 250 App. Div. 460.)

The members of the board claim to have been influenced by considerations of policy and not by the mistake of the town clerk. Whether true or not, so at least it must be presumed. The motives of a legislative body in enacting a law must be found in the law itself and nowhere else. (*Matter of Sloane* v. *Walsh*, 245 N. Y. 208; *Loos* v. *City of New York*, 170 Misc. 104.) " If a given act of legislation is not forbidden by express words, or by necessary implication, the judges cannot listen to a suggestion that the professed motives for passing it are not the real ones." (*People* v. *Draper*, 15 N. Y. 532, 545.)

The law assumes that the discretion intrusted to legislative bodies has been properly exercised for public ends. The courts are not at liberty to investigate further. " The judicial department cannot institute an inquiry concerning the motives and purposes of the Legislature, in order to attribute to it a design contrary to that clearly expressed or fairly implied in the bill, without disturbing or impairing in some measure the powers and functions assigned by the Constitution to each department of the government." (*Waterloo W. M. Co.* v. *Shanahan*, 128 N. Y. 345, 359; *Kittinger* v. *Buffalo Traction Co.*, 160 id. 377; *Matter of Peck*, 231 App. Div. 99, 100.)

It is true that the board of trustees had no right to determine whether the proceedings to annex the territory were in accordance with the Village Law. If the resolution had been annulled on that ground, *after the power to repeal had expired,* judicial intervention would be clearly justified. The board acted, however, when it still had legislative authority to act, and for that reason the result was legislative beyond the power of the court to review. " It may have based its attempted action upon an erroneous interpretation of a contract, *upon an erroneous view of the law* or upon an erroneous assumption of fact but its functions are still legislative and not judicial and the court may not review its action as if it had judicial functions." (*Matter of Long Island R. R. Co.* v. *Hylan*, 240 N. Y. 199, 208; *Matter of Neddo* v. *Schrade,* 270 **id.**

97; *Matter of Smith* v. *Morgan,* 167 Misc. 815, 818; affd., 254 **App.** Div. 672.)

These principles, deeply imbedded in the law of this and other States, rest upon unassailable logic and reason. (32 A. L. R. 1517, collection of cases.) Subject to certain qualifications inapplicable here, each of the three branches of government is supreme in its own field. Each should be free from improper control by the others. Any different course might seriously jeopardize the democratic system. " One branch of the government cannot encroach on the domain of another without danger." (*Sinking Fund Cases,* 99 U. S. 700, 718.)

The legislative function, except as limited by the State or National Constitutions, is equal and not subordinate to the judicial. That legislative bodies frequently err in policy and judgment may hardly be doubted. It is far better, however, that the people and not the courts determine responsibility and take the necessary corrective action. " Whatever evils may exist in the government of cities that are due to mistakes, errors of judgment or lack of intelligent appreciation of official duty, must necessarily be temporary, compared with the mischief and inconvenience which judicial supervision, in all cases, would ultimately produce." (*Talcott* v. *City of Buffalo,* 125 N. Y. 280, 288.)

The cases on which the petitioner relies contain nothing inconsistent with these conclusions. In four of them, the courts had been given specific authority by the Legislature to review proceedings for annexation. (*Pueblo* v. *Stanton,* 45 Col. 523; 102 P. 512; *Town of Roswell* v. *Ezzard,* 128 Ga. 43; 57 S. E. 114; *Livengood* v. *City of Covington,* 194 Ind. 633; 144 N. E. 416; *Pittsburg's Appeal,* 79 Penn. St. 317.) No such power, however, has been conferred in this State. (*Jarl Co.* v. *Village of Croton-on-Hudson,* 148 Misc. 150, 153; affd., 238 App. Div. 865; affd., 262 N. Y. 551.) In *Red River Valley Brick Corp.* v. *Grand Forks* (27 N. D. 431; 146 N.W. 876) it was decided only that a municipality could not repeal an ordinance annexing territory after annexation had become legally effective. In *Village of Hyde Park* v. *City of Chicago* (124 Ill. 156; 16 N. E. 222) annexation was annulled because the statute delegating the power to the municipality embraced more than one subject, in violation of the State Constitution.

One final question remains. The petitioner claims that the new board of trustees in any event exceeded its authority by acting too soon. The argument rests upon section 139-c of the Village Law which provides: " At any time after the adoption of such act or resolution and not later than fifteen days prior to the election, the board of trustees of the village may reconsider its action thereon

and if upon such reconsideration, the said act or resolution is repealed, the proposition for its approval shall not be submitted at such election or if submitted, the vote of the electors thereon shall be without effect."

The election referred to is a permissive referendum upon the petition of twenty per cent of the qualified voters cf the village. (Village Law, § 139-a.) The petition must be filed within thirty days after the adoption of the resolution in question. A referendum may also be called upon the board's own motion. (Village Law, § 139-d.)

It is the petitioner's contention that the board could not act until after an election had been called. None had yet been called here. The claim rests upon a misconception. Until the resolution became final, the board had authority to repeal independent of the statute. "Every legislative body, unless restricted by the Constitution, may modify or abolish the acts of its predecessors; whether it would be wise to do so, is a matter of legislative discretion." (*Bloomer* v. *Stolley*, 5 McLean, 158.) The statute, far from limiting the power to repeal, actually enlarges it. The board may act, if a referendum has been called, even after the thirty-day period, provided that it does so not more than fifteen days prior to the election.

The conclusion is inevitable that the resolution was validly repealed. Nothing more, of course, is decided. Annexation may be for the best interests of the village or it may not be. It may be wise or unwise, fair or unfair, reasonable or unreasonable. These questions are not for a court to determine. The People have left them and other questions of policy to legislators of their own choosing. The judiciary may not run a race of opinion upon points of right, reason or expediency with the law-making power. (Cooley, Constitutional Limitations [7th ed.], p. 326.)

The petition is dismissed, without costs. Submit order.