## O'HARE v. THE CITY OF DUBUQUE.

1. **Corporation municipal:** TAXATION OF OUT-LOTS. A city out-lot, situated within the extended limits of the city, and which is benefited by the improvements and current expenditures of the corporation as well as permanently enhanced in value, is liable to taxation for general municipal purposes.

2. ——— WHEN NOT LIABLE. But a lot is not liable to such taxation, which is not accessible by any street leading to the business part of the city, and has no additions or city improvements near it; which is surrounded for some distance in every direction by lands used exclusively for agricultural and mineral purposes, and is not benefited by the current expenditures of the city.

*Appeal from Jones District Court.*

TUESDAY, APRIL 16.

THIS is a proceeding in equity to enjoin the city of Dubuque from collecting taxes upon certain real estate owned by the plaintiff and situated within the extended but without the original limits of the city.

J. K. Graves, who had purchased the property at a city tax sale, was also made defendant. The District Court enjoined the city from collecting any taxes thereon, except for road and school purposes, and also set aside the tax sale. The city of Dubuque appeals.

*John H. O'Neill* for the appellant.

*Monroe & Deery* for the appellee.

COLE, J.—The question presented in this case for our determination, is as to the right of the city of Dubuque

1. CORPORA-TION MUNICI-PAL: taxa-tion of out-lots.

to tax, for ordinary municipal purposes, the south two-thirds of mineral lot 161, containing about forty-seven and a half acres, and mineral lot 146, containing about nineteen and a half acres. These lots are shown by the map of Dubuque,

prepared by James Potter, and which is in evidence in the cause, to be situated in the south-western portion of the new corporate limits of the city. Neither of these mineral lots have been laid off into city lots, and they are used for agricultural and mineral purposes.

The question as to the power and right of a city to tax such real estate within its corporate limits, as well as the rule by which the liability to taxation will be determined, has been declared and recognized by this court in the following cases, to wit: *Morford* v. *Unger*, 8 Iowa, 82; *Langworthy* v. *The City of Dubuque*, 13 Id., 86; *Langworthy* v. *The City of Dubuque*, 16 Id., 271; *Fulton* v. *The City of Davenport*, 17 Id., 404; *Buell* v. *Ball* (*City Marshal of Lyons*), 20 Id., 282.

In view of the extended discussion of the question in these cases, it becomes unnecessary for us to do more than simply declare the class within which the lots in controversy fall. In our judgment the south, two-thirds of mineral lot 161 is justly liable to taxation for general municipal purposes. Some of the facts, as proven in the case, tending to show this liability, may be briefly stated. The whole lot lies upon, and the part in controversy near to, Julian avenue, one of the three principal streets or avenues of the city, which has been much worked upon and improved; it has open traveled streets on both the east and west sides or ends of it; it adjoins on the west the plat of West Dubuque, which contains a population variously estimated from two to four hundred, although none of the lots in West Dubuque adjoining or immediately west of this, save perhaps one, are built upon, it has a recent addition, or city lots laid off and sold on its south; it has a "saloon" situated on it (though on the north one-third not now in cotroversy), in full, if not successful operation. There are other facts, of course, but which we need not here state. Being thus surrounded,

it must receive current benefits from the improvements and expenditures made by the city, as well as a permanent increase in value, and it should therefore share in the burdens.

As to the mineral lot, 146, it is not now, in our judgment, justly liable to taxation for general municipal purposes. There is no controversy but that it is liable to taxation for road and school purposes proper. This lot is not situated upon any principal street or avenue of the city; it is hardly accessible at all from the direction of, and certainly not by any street leading to, the business part of the city; it has no additions or city improvements near it, and for a considerable distance in every direction from it the lands are exclusively used for agricultural and mineral purposes; it is not to any perceptible degree benefited by the current expenditures for ordinary municipal purposes, and ought not, therefore, to contribute to them.

2 —— when not liable.

As a matter of course, our judgment is based upon the facts as they *now* exist. A broad street or avenue is said to be projected by the city, and has already been surveyed through this lot, and perhaps other matters of improvement tending materially to the current benefit of this lot may be executed in the early future. Whenever such improvements shall be made as to render the lot justly liable to taxation for ordinary municipal purposes, the injunction against such taxation will, on proper application and showing, be dissolved.

Reversed.