## DEEDS v. SANBORN, Marshal.

1. Corporation, municipal: VACATION OF TOWN PLATS: TAXES. Under section 6, chapter 78, Laws of 1862, the vacation thereunder of any part of a town or city plat, or addition thereto, does not impair the liability of such plat, or part thereof, for its portion of any existing debts which may have been incurred by the corporation.

2. —— TAXATION OF AGRICULTURAL LANDS. Lands lying within the limits of an addition to a city, which are used for agricultural purposes, which are remote from the city proper, and to or near which no streets or alleys have ever been worked, are not liable to taxation for city purposes.

*Appeal from Clinton District Court.*

FRIDAY, JANUARY 29.

ACTION of replevin for certain property seized by the defendant as marshal and collector of taxes for the city of Lyons. The property was seized for the payment of taxes, other than for road and school purposes, levied by the city for the year 1863, upon the south-east quarter of the south-west quarter of section thirty-one, township eighty-two, range seven; and ten acres adjoining said

parcel, and on the east thereof, being part of the south-west quarter of the south-east quarter of the same section ; also certain city lots and blocks embracing the entire balance of the said last described forty, and about five acres of the forty adjoining it on the east.    These lots and blocks were a part of a large addition to the city of Lyons, laid off and platted by the plaintiff in 1855, but before the assessment, under which the taxes in controversy were levied, the plaintiff vacated said lots and blocks, or at least complied with chapter 78 of the Laws of 1862, it being " an act providing for the vacation of town plats," so far as the lots and blocks in controversy were concerned.    The question in controversy is, whether said property is liable to taxation for city purposes.    This case has before been in this court, and the decision of the questions then presented is reported in 22 Iowa, 214. In the statement preceding that opinion it was erroneously stated that the ten acres had been once platted, whereas in fact, the controversy relates to fifty acres in one body and to thirty-five acres once platted, and afterward vacated.

After the cause was remanded, the parties proceeded to a jury trial.    While the trial was in progress the plaintiff withdrew his claim as to the exemption from taxation of the lots and blocks.    The jury found a special verdict that each item of the property was subject to taxation by the city, and also a general verdict for the defendant, and that the property replevied was worth eighty dollars.    The plaintiff moved for a new trial, which was overruled by the court and judgment entered on the verdict.    The plaintiff appeals.

*A. R. Cotton* for the appellant.

*Ellis Brothers* for the appellee.

Deeds v. Sanborn.

Cole, J. — I. During the trial and before the plaintiff abandoned the claim that the lots and blocks were exempt

1. CORPORATION MUNICIPAL: vacation of town plats: taxes.

from taxation by the city, the defendant offered to prove by a witness then on the stand, that the city of Lyons was indebted in a large sum, incurred prior to 1863, and the court admitted the testimony against the plaintiff's objections. This ruling is assigned as error. By section six of the act of 1862 providing for the vacation of town plats, the vacation of any plat or part thereof, it is enacted, shall not impair the liability of such plat or part thereof for its portion of any existing debts. Laws of 1862, p. 79. In view of this statute and the question then before the court, we cannot say that it was error to admit the testimony. We do not deem it necessary or proper for us, under the state of this record, to pass upon the question made as to the constitutionality of that act.

Upon the trial it was admitted, and so stated in the bill of exceptions, "that the interest of said defendant in the property seized was the amount of taxes, and interest and costs of distraint, if said lands were held liable for taxation." This admission relieves us from deciding the questions made by appellant's counsel as to the amount of the judgment below and the failure of the jury to find the value of defendant's interest in the property.

II. The only other question involved in the case is as to the liability of the forty acres and the ten acres, all

2. —— taxation of agricultural lands.

lying together, to taxation for city purposes. The proof shows it to be occupied for agricultural purposes; it is a farm simply; it is remote from the city proper; no streets or alleys have ever been worked to or near it; the plaintiff's addition adjoins it on the north, but the evidence shows that much of it is inclosed, and in actual cultivation as farm lands; that portion of plaintiff's addition lying on the east of the

fifty acres, never was used as lots, and was, before the assessment of 1863, vacated under the law of 1862. There is no proof making the fifty acres liable to taxation for city purposes in 1863, under the rule as heretofore laid down in numerous cases, by this court, and the verdict of the jury was contrary to the evidence, and should have been set aside.

Under the special findings and the agreement of plaintiff, the defendant, in case he so elects, is entitled to a judgment for the amount of the taxes and interest, and costs of distraint due on the lots and blocks, and also to his costs in the District Court; otherwise a new trial will be ordered. The appellant will recover costs in this court.

Reversed.