STATE, *ex rel.* FRED H. DAVIS, Att'y Gen'l, *et al.,* v. CITY OF POMPANO.

151 So. 485.

Division B.

Opinion Filed December 11, 1933.

*Cary D. Landis,* Attorney General, and *McCune, Hiaasen & Fleming,* for Plaintiffs in Error;

*C. E. Farrington,* for Defendant in Error.

BUFORD, J.—This case is before us on writ of error to a judgment in quo warranto proceedings brought to contest the validity of Chapter 13324, Special Acts of the Legislature of 1927.

It is needless for us to discuss the principles of law involved in this case because, as it appears to us, they have all been settled adversely to the contentions of the defendant in error in the opinions and judgments in the cases of State, *ex rel.* Davis v. Town of Lake Placid, opinion filed April 13, 1933, reported 147 Sou. 468, and State, *ex rel.* Davis v. City of Largo, opinion filed May 2, 1933, reported 149 Sou. 420.

Especially is the holding of this Court in the latter case applicable here.

In that case we said:

"Undoubtedly, under the provisions of Section 8 of Article VIII of the Constitution of Florida, the Legislature has the power to establish municipalities, and to extend boundaries. But in exercising such authority it should at all times be kept in mind that the objects and purposes of such establishment or extension is to provide for an aggregation or community of people, and not simply an indiscriminate location of territory without regard for the requirements of the inhabitants. A sparsely settled area, chiefly used for groves, farms or gardens, or which is wild, unimproved, and vacant land and not needed for habitation or municipal purposes is not ordinarily within the meaning or purpose of the Constitution. A most enlightening and interesting history and analysis of this subject is given in the opinion of Justice Whitfield in the case of State, *ex rel.*

v. Avon Park, 149 Sou. 409, delivered at the present term of this Court. While under the facts in the Avon Park case it was held that quo warranto was not the proper remedy under that writ unless further amended, the case now under consideration is somewhat different."

The facts in the case now before us are in all essentials parallel with the facts in the Largo case, except this: The Town of Pompano in 1925 attempted to annex certain territory without legislative authority. By the Act of 1927 it was attempted to annex a vast additional territory, including the lands of the co-relators.

The court below held that the attempted annexation of 1925 was void, but as these same lands were included in the legislative attempted annexation or extension of boundaries in 1927, the action of the City Council in 1925 became immaterial.

For the reasons stated, the judgment should be reversed with directions that the circuit court enter a judgment of ouster against the respondents as to the entire territory, except that which was included in the corporate limits of the Town of Pompano prior to 1925.

WHITFIELD, ELLIS and TERRELL, J. J., and BARNS, Circuit Judge, concur.

DAVIS, C. J., disqualified.

BROWN, J., absent and not participating because of illness.