## HARRINGTON et al. v. CITY OF POMPANO.

### No. 9697.

Circuit Court of Appeals, Fifth Circuit.

March 7, 1941.

Miller Walton, of Miami, Fla., for appellants.

C. N. McCune and James H. Lathero, both of Fort Lauderdale, Fla., and W. Marion Walton, of Pompano, Fla., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The appellants, as trustees of a bondholders' committee having title to past-due bonds and coupons of the City of Pompano, Florida, brought an action to recover on them, to compel the City to lay and collect taxes to pay them, and for a declaration that all of the lands described in the City's last charter, Chapter 13324 of the Florida Special Acts of 1927, was subject to taxation therefor, and for a mandatory injunction to assess them. The City was the sole party defendant. It moved to dismiss the petition, and to strike portions of it because res judicata under judgments in the State courts which were exhibits to the petition, and because the property owners whose rights were in dispute and would be affected by an assessment for taxation as prayed, were not parties. The judge held the petitioners entitled to judgment on the

bonds and refused to dismiss the petition; that there was no res judicata, but the prayer for a declaration that all the lands described in the last charter were taxable and that they be taxed, ought not to be granted without representation of the owners of the property not previously taxed. The petitioners refused to make further parties. The portions of the petition relating to the territorial dispute were stricken out, and the City answering no further, decree was given for a recovery on the bonds and that taxes be assessed and collected on the area undisputedly subject to taxation. The petitioners appeal.

The only judgment adverse to appellants is that refusing to declare the territory first included by the last charter subject to taxation, and refusing to order it taxed, without hearing from the affected landowners. According to the petition, the Town of Pompano was created by statute in 1913 covering about two square miles. Additional territory was attempted to be taken in by ordinance in 1925. In 1926 the town voted to issue bonds in an amount of $750,000, and they were validated by court decree September 25, 1926. Before any were sold the Legislature reduced the issue to $375,000, and ordered a tax levied and collected on all property in the town to pay them. Chapter 13323, Special Acts of 1927. Thereafter, by Chapter 13324, effective May 11, 1927, no bonds having yet been issued or sold, the Legislature abolished the Town of Pompano and created the City of Pompano, with a territorial area of twenty-four square miles including that formerly in the Town of Pompano. The City was made to succeed generally to the rights and liabilities of the Town. The City took up the bond matter where the Town had left it, and in its own name sold the bonds, including those here involved, and used the proceeds for the benefit, more or less, of its whole territory, without any one protesting till in May, 1930, the State of Florida by a quo warranto questioned the power of the Legislature under the State Constitution to include in the City the twenty or more square miles of land added in 1927, it not being urban in character but unimproved or farm or wild land. The Supreme Court held the City could lawfully exercise jurisdiction only over the territory in the limits of the Town of Pompano before 1925, and ousted

it from the remainder of the twenty-four square miles. State ex rel. Davis v. City of Pompano, 113 Fla. 246, 151 So. 485. Final judgment was entered accordingly June 20, 1932, and the City ceased to levy taxes on or govern the excluded territory. It is the excluded territory which the appellants wish declared taxable to pay their bonds.

If the City's officials have a duty to tax this excluded territory it arises not from a municipal authority existing de jure. The quo warranto judgment settles that. It may possibly exist because of the exercise de facto of municipal authority under color of the statute Chapter 13324 for several years during which rights and liabilities arose, or more specially because the acquiescence of or benefits received by particular property owners have raised waivers or estoppels as to them. Appellants here urge such contentions to reach a benefit for themselves; but really not against the City, but against those property owners who have been excluded from the City. The latter are not properly represented on such issues by the City or its officials, but ought to be heard each for himself, or at least by class representation if that is made to appear necessary and just. Appellants argue that if we require the City to assess the excluded lands, the owners will not be bound, since they are not parties, and those who desire to contest the assessment can do so hereafter. No doubt they could; but that is no good reason why this court should declare them taxable without hearing them, but a reason why we should not. Much complication and trouble would likely ensue. Dozens of litigations in this or State courts might result. No accurate assessment could be made until it is settled what property is subject. If it be only a question of procedure resting in the court's discretion, discretion was well exercised. A municipality may as of course be ordered to assess property certainly within its lawful jurisdiction, to pay a debt adjudged against it; but assessment of property not within its ordinary jurisdiction, but to be subjected only for extraordinary cause, ought not to be ordered until the extraordinary cause is established on due inquiry and full hearing. Compare State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199. The judgment is affirmed.