THE STATE OF NEVADA Upon the Relation of SONYA S. HOLLAND, FRANCES and GENE F. LATOURRETTE, Wife and Husband, JANE B. and JOHN L. STADTLER, Wife and Husband, PHYLLIS and CLEVELAND B. CRUDGINGTON, Wife and Husband, SUSAN S. HANCOCK, a Single Woman, ANTHONY L. STADTHERR, PATRICIA S. KENDALL, a Single Woman, ABRAHAM LINCOLN KENDALL, ELLA and WILLIAM EDWARDS, Wife and Husband, JULIA C. JUDGE, M. O. LITTLE, and INTER-LAKEN PARK CORPORATION, a Nevada Corporation, Relators, v. CITY OF RENO, a Municipal Corporation, FRANCIS R. SMITH, Mayor, and WILLIAM A. LIGON, EDWIN SEMENZA, CHARLES E. COWEN, THOMAS HARVEY, ROY G. BANKOFIER, and MARSHALL A. GUISTI, Councilmen of Said City, Respondents.

No. 3758

November 5, 1953.    262 P.2d 953.

*Clyde D. Souter,* of Reno, for Relators.

*Samuel B. Francovich,* City Attorney, City of Reno, and *Bruce D. Roberts,* Assistant City Attorney, City of Reno, for Respondents.

## OPINION
### (ON MOTION TO DISMISS)

By the Court, MERRILL, J.:

This is an original proceeding by complaint and information in the nature of a quo warranto filed by relators under leave of court. Relators are owners of property which respondent City of Reno proposes to annex. They here seek to prevent such annexation, contending that it is improper and that in proceeding to that end the city is guilty of misuse of its legislative charter and franchise. The matter is now before us upon the motion of respondents to dismiss the action. Two grounds are advanced for this motion.

*First:* It is contended by respondents that the complaint of relators fails to state a claim upon which relief can be granted. Their position may be summarized as follows: that relators' property is only a portion of the entire area sought to be annexed; that it is entirely surrounded by the City of Reno; that it is primarily residential in character; that the city's action cannot, therefore, be said to be arbitrary or unreasonable. Their

position appears to be based not so much upon absence of material allegations as upon the existence of facts inconsistent with the relief prayed.

At this stage of the proceedings the record before us is limited to relators' complaint. In our view the facts upon which respondents rely cannot be said to appear so clearly from the allegations of the complaint and the exhibits attached thereto as to warrant disposition of the matter upon the merits at this time. A full and clear picture of the situation which exists is not yet before us. The motion to dismiss upon this ground is denied without prejudice to its future renewal.

*Second:* It is contended that the action has not properly been brought since it was not brought by the attorney general.

Secs. 9203 et seq., N.C.L. 1929, deal with quo warranto. Sec. 9203 provides that the action shall be brought in the name of the state. Secs. 9203 and 9204 specify the cases in which the action will lie. Sec. 9205 provides: "The attorney-general, when directed by the governor, shall commence any such action; and when, upon complaint or otherwise, he has good reason to believe that any case specified in the preceding section can be established by proof, he shall commence an action." Sec. 9206 provides: "Such officer may, upon his own relation, bring any such action, or he may, on the leave of the court, or a judge thereof in vacation, bring the action upon the relation of another person; and, if the action be brought under subdivision one of the first section of this chapter, he may require security for costs to be given as in other cases." Sec. 9207 provides for the bringing of an action in the name of the state by a person claiming to be entitled to a public office unlawfully held and exercised by another. With the exception provided by this section the statutes give no authority for the bringing of the action in the name of the state save by the attorney general.

In State ex rel. City of Reno v. Reno Traction Co., 41

Nev. 405, 417; 171 P. 375, 379, L.R.A. 1918D, 847, this court in reference to quo warranto, stated: "Inasmuch as the action commenced in this court is a special proceeding, which under our statute could only be instituted by the state through its attorney-general, and which in this instance is instituted in strict compliance with that statute, courts are bound to regard the state as the real party plaintiff. The municipal corporation as such has no power under the statute to institute the proceeding. This right is limited to the state alone."; and later (41 Nev. 405, 423, 171 P. 375, 381) "In the matter at bar the city of Reno could not, under the statute, bring this action in its own name. The proceeding is one reserved to the state."

In quo warranto, then, it may not be said that the relator is the true party in interest with the state a purely formal party retained out of historical consideration for the origin of the proceeding. The proceeding in truth is one brought by the state as an interested complainant and involves matters of public interest: of wrong done to the state (as, in this instance, alleged misuse of a franchise granted by the state). It is clear that if the state is to bring the action and assume the responsibilities of a party litigant, it must act through one in authority. By statute, the attorney general is the only agent authorized to represent the state in this capacity save as provided by Sec. 9207.

Relators direct our attention to the case of State ex rel. McMillan v. Sadler, 25 Nev. 131, 58 P. 284, 59 P. 546, 63 P. 128, holding that this court may, by grant of leave to a relator, bring in the state as party plaintiff without assistance of the attorney general. In that case application had been made to the attorney general by the relator and the attorney general had refused to bring the action. The court emphasized that quo warranto provided the only possible relief to the relator. The

action taken by the court amounted to a review of the attorney general's actions and, in effect, a determination that his refusal under the circumstances was improper and not in the public interest. It may, then, be said, under the authority of that case, that this court may review the determination of the attorney general not to bring action in the name of the state; that such review may be had upon application of a relator for leave to bring action; that upon such review this court in a proper case may grant leave to a relator to bring action in the name of the state upon his own relation, notwithstanding the refusal of the attorney general to act.

In the case at bar the bringing of this action in the name of the state has not been referred by relators to the attorney general. The determinations which the statutes contemplate he shall make on behalf of the state have never been made. There is no action or determination which this court is asked to review. We are, instead, placed in the position of bringing in the state as a party by our own order in the first instance. This, we feel, is not proper.

Relators direct our attention to the cases of State ex rel. Mack v. Torreyson, 21 Nev. 517, 34 P. 870 and State ex rel. Bibb v. City of Reno, 64 Nev. 127, 178 P.2d 366, where, it would appear, the relators, without resort to the attorney general, had followed the same procedure as was here followed. In the first case the respondent was the attorney general himself. As was there argued by counsel, it could hardly be assumed that he would consent to bring an action against himself in the name of the state. This court simply did not require the doing of what apparently would have been a vain act. In the second case the point under discussion was never presented and did not have the consideration of the court.

In our view, therefore, the order of this court granting leave to the relators to commence this action should,

under the circumstances which now exist, be set aside.

It is conceivable, however, that the defects in the procedure followed by relators may be cured and the state properly brought in as party plaintiff. We do not, therefore, feel justified in dismissing these proceedings without affording opportunity to relators to take appropriate curative steps.

The motion to dismiss the action upon the second ground is denied without prejudice to its future renewal and reserving to this court the right upon its own motion to dismiss these proceedings upon the ground stated should the existing defects be not cured within thirty days from date.

EATHER, C. J., and BADT, J., concur.