39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ron BELEC, Applicant in intervention--Appellant,
v.
AMERCO, a State of Nevada corporation; Jack MacDonald,
Director of Amerco; Richard Herrera, Director of
Amerco; Kenneth Carlson; Clinton
Richards, Defendants-Appellees.
 No. 93-16625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ron Belec appeals pro se the district court's denial of leave to file a quo warranto action against a Nevada corporation and some of its directors. We affirm.
 
 
 3
 Ordinarily, only the state attorney general may file a quo warranto action under Nev.Rev.Stat. Secs. 35.010-.270. State ex rel. Holland v. City of Reno, 262 P.2d 953, 954 (Nev.1953). An exception may be made if three criteria are met: (1) the action would provide the only possible basis for relief to the private plaintiff, (2) the attorney general has refused to bring the action, and (3) the refusal "under the circumstances was improper and not in the public interest." Id. (construing State ex rel. McMillan v. Sadler, 58 P. 284 (Nev.1899)). Whether these criteria have been met is determined when the private plaintiff applies for leave to bring the action. Holland, 262 P.2d at 954; see also Nev.Rev.Stat. Sec. 35.040 (requiring leave to file action on behalf of relator). Deciding whether to grant leave "amount[s] to a review of the attorney general's actions." Holland, 262 P.2d at 954.[1]
 
 
 4
 The district court did not err by denying leave. Belec alleges no impropriety in the attorney general's decision not to bring an action and Belec's allegation that his action is meritorious is not sufficient to show that a public interest is at stake. In deciding whether to grant leave, courts are to review the attorney general's decision refusing to sue, not just the merits of the lawsuit itself. See id. Significantly, the Nevada legislature has authorized individuals to bring quo warranto proceedings to recover public offices, but not to recover corporate offices. See Nev.Rev.Stat. Sec. 35.050. If courts nonetheless allowed quo warranto actions to recover corporate offices based solely on the merits of the litigation, then the statutory distinction between public and corporate offices would be meaningless.[2]
 
 
 5
 The district court's decision is also supported by the questionable nature of its subject matter jurisdiction over Belec's action. To establish diversity jurisdiction, opposing parties must be citizens from different states and the amount in controversy must exceed $50,000. 28 U.S.C. Sec. 1332. If the State of Nevada is the real plaintiff in interest, as stated in State ex rel. City of Reno v. Reno Traction Co., 171 P. 375, 379 (Nev.1918), then the parties here are not diverse. Moreover, the amount in controversy is doubtful because Belec possesses far less than $50,000 in the defendant corporation's stock, and there is no indication his stock will substantially improve in value as a result of a quo warranto action. In his reply brief, Belec points to the salaries of the disputed directorships but Belec himself does not claim to be a director.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to Belec's assertion, we are not free to apply State ex rel. McMillan v. Sadler without regard to the interpretation of that case rendered by the Nevada Supreme Court in Holland
 
 
 [2]
 Because the attorney general's refusal to sue has not been impeached, we need not decide whether Belec meets the first criterion stated in Holland, lack of an alternate remedy