In the Matter of the Application of FAIRCHILD SONS, INC., Appellant, Respondent, for a Peremptory Mandamus Order against ALLAN H. ROGERS, Building Inspector of the Incorporated Village of Garden City, Respondent; CHARLES G. REINHART, JR., Mayor, and GEORGE A. YOUNG and Others, Constituting the Board of Trustees of the Incorporated Village of Garden City, Respondents, Appellants. — Order of March 22, 1935, made in a peremptory mandamus proceeding, modified by striking therefrom the provision denying the motion of the village trustees and the building inspector to quash the order of October 2, 1933, and by inserting in place thereof a provision granting said motion and as thus modified the order is unanimously affirmed, without costs. It is unimportant whether the return to the mandamus order was strictly proper in form in view of the fact that the statements therein are utilized as a basis for the motion to quash the mandamus order of October 2, 1933, which statements are not, so far as material, susceptible of dispute, and which statements are not offset by any representation by the petitioner, Fairchild Sons, Inc., that it has expended any moneys on the strength of the directed issuance of the permit. The petitioner is in no better position by reason of the mandamus order than it would be if it had the permit required by the mandamus order. The mere issuance of the permit would not disable the village board of trustees from changing the ordinance so as to make illegal the form of structure that would be permissible under the permit directed by the mandamus because no vested rights have arisen that would bar a change in the statute so as to prevent such construction. (*Matter of Fox Lane Corporation* v. *Mann*, 216 App. Div. 813 [2d Dept.]; *Matter of Parkcliff Company, Inc.*, v. *Burden*, 233 id. 851 [2d Dept.].) A different situation would exist if under the permit, or under the order directing the permit, something had been done which would give rise to a vested right. (*People ex rel. Ortenberg* v. *Bales*, 224 App. Div. 87; affd., 250 N. Y. 598; *Matter of Caponi* v. *Walsh*, 228 App. Div. 86, 89.) The initiation of the move to amend the ordinance occurred sixteen days before the petitioner applied for approval of its plans and specifications and a permit. But for the illegal granting of a stay of legislative action, the board could have proceeded to change the zoning ordinance before the application of the petitioner had been acted on and certainly before any construction had been accomplished under a permit based on the former ordinance. These facts, appearing in the record, required a quashing of the mandamus order and make it unnecessary to pass upon the other phases of the controversy herein, and the petitioner's appeal is, therefore, dismissed, without costs. Present — Young, Hagarty, Carswell, Scudder and Tompkins, JJ. [See 242 App. Div. 651; 266 N. Y. 460.]