Samuel Rabin, J.
This is a proceeding brought for an order declaring that a deed to the City of New York from the Treasurer of the City of New York, dated April 1, 1954, and recorded July 16, 1954, and all subsequent deeds are void as to premises known as 90-14 — 43rd Avenue, Elmhurst, Queens County, New York.
Instead of proceeding by plenary suit the former owners of the property chose to proceed by an application in the foreclosure of tax lien proceedings. The action to foreclose the tax liens was commenced on April 6, 1953. The city filed a list of delinquent taxes in the office of the clerk of the County of Queens. The tax liens which had accrued against this property were real estate taxes which had become liens for the first half of the tax year 1948/49 through the second half of the tax year 1951/52 inclusive, together with water bills for 1950, 1951 and 1952, and sewer rents for 1951 and 1952.
It is not denied that the foregoing taxes were levied, nor is it challenged that the city complied with the jurisdictional provisions requiring the filing of the list of delinquent taxes and the posting and publication of the notice of foreclosure. The moving parties challenge the proceedings on the grounds that they received no notice by mail of said proceedings; that the judgment of foreclosure in rem does not cover or relate to the premises in question in that the page thereof containing a description or reference to the moving parties’ premises appears to be missing; that a composite list for all properties in sections 3-10 in the Borough of Queens was filed instead of a separate list for each tax section; that the list affecting the moving parties’ premises included tax arrears that were less than four years old; and that the sale at public auction was in violation of chapter 481 of the Laws of 1956, which was effective on April 9, 1956.
The moving parties allege that they first knew of the foreclosure proceedings and of the city’s claim of title to the premises in June, 1955. It is clear from admissions made by the moving parties in their own affidavits, that they had actual notice thereof prior to January 1, 1955, when they consulted counsel in regard to their rights in the premises. I am satisfied that the City of New York complied with all of the requirements of law covering the foreclosure of the tax liens affecting the premises, of which the moving parties were the former owners, including the mailing of true copies of the public notice of foreclosure and the statement to the last known address of the moving parties as required by law.
*19 The alleged defect in the judgment of foreclosure and sale which was entered on April 1,1954, was at most an irregularity and furnishes no basis for the relief sought by the moving parties; nor can the moving parties base their claim for relief on the filing by the city of a composite list instead of a separate list for each tax section involved in the foreclosure proceeding. (See City of New York v. Nelson, 284 App. Div. 894.) The claim of the moving parties that the city had no right to include in the list affecting the moving parties’ premises tax arrears that were less than four years old is equally without merit. In any event Local Law No. 63 of the City of New York, which became effective on June 3,1955 (Administrative Code of City of New York, § D17-12.0, subd. e), is a complete bar to this proceeding. (Matter of Kantor [Hutner], 280 App. Div. 605; City of Utica v. Weaver, 2 A D 2d 456.) That statute reads as follows: “ e. Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the record of such deed, the presumption shall be conclusive, unless at the time that this subdivision takes effect the two year period since the record of the deed has expired or less than six months of such period of two years remains unexpired, in which case the presumption shall become conclusive six months after this subdivision takes effect. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the becomes conclusive as aforesaid.”
The cases relied on by the moving parties are clearly distinguishable. In Cameron Estates v. Deering (308 N. Y. 24, 30, 31), it was found that no taxes were in fact owed on the property in question, and the court observed: There is a vast difference between a tax deed voidable for irregularity in the proceedings and a tax deed void because the proceedings were a nullity due to prior payment of the tax. * * * Nonpayment being of the essence for the invoking of tax sale proceedings, no one can quarrel with the rationale of the Kantor case (supra), but as we have said, there is a difference, between giving effect to the presumption created by section 53 to a tax deed voidable for failure to comply with mandatory procedural requirements in a properly initiated proceeding [cf. Seafire, Inc., v. Ackerson, 193 Misc 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668, supra] and a tay deed that is wholly void *20 because the right to initiate the proceeding never existed.” In Werking v. Amity Estates (2 N Y 2d 43, 51), the court stated: “ Nor is the present action barred by the two-year time limitation prescribed by sections 131 and 132 of the Tax Law, which bar actions to cancel deeds stemming from jurisdictional defects as well as from mere irregularities (Meigs v. Roberts, 162 N. Y. 371), since that time limitation begins to run from the date of recording (see Bryan v. McGurk, 200 N. Y. 332). The tax deed in our case was recorded on April 30,1954. Plaintiff commenced the present action in September of 1954, well within the two-year period.”
Nor are the moving parties helped by chapter 481 of the Laws of 1956, which became effective on April 9, 1956 (Administrative Code of City of New York, § D17-25.0). Assuming that the running of the statute was tolled thereby, it would be so only for a period of two months from April 9, 1956 through June 10, 1956, a period of 60 days. The instant proceeding was not commenced until December 11, 1956. (Civ. Prac. Act, § 113). It follows, therefore, that the Statute of Limitations had run prior to its institution.
The motion is, accordingly, denied. Submit order.
(Motion for reargument.)
Motion by the petitioners for reargument. The matters urged as the basis for reconsideration were presented to and passed upon by the court in its original determination. There is, therefore, no basis for reargument. (Fosdick v. Town of Hempstead, 126 N. Y. 651.) Motion denied. Submit order.