■ LEONARD GREENFIELD, Respondent, v. PREMIER VACUUM PROCESS CORP., Appellant.— In an action by a salesman for commissions on sales made after termination of his employment, allegedly in accordance with the contract of the parties, the appeal is from so much of an order as denies a cross motion to dismiss the complaint for insufficiency. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ THE CITY OF NEW YORK, Respondent, v. JAMES CAROLAN et al., Appellants.— Appeal (1) from an order dated March 14, 1957 denying a motion to declare null and void the city treasurer's deed and subsequent deeds to purchasers, and for other relief, and (2) from an order dated April 29, 1957 denying a motion for reconsideration and rehearing, and for other relief. Order dated April 29, 1957 affirmed, without costs. No opinion. Appeal from order dated March 14, 1957 dismissed, without costs. By appealing from the order dated April 29, 1957 appellants waived the right to prosecute the appeal from the order dated March 14, 1957 (Van Valkenburgh v. Lutz, 6 A D 2d 812). Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur. [7 Misc 2d 17.]

■ In the Matter of HARRISON RIDGE ASSOCIATES CORP., Appellant, against ANTHONY J. SFORZA et al., Constituting the Town Board of the Town of Harrison, et al., Respondents. — Proceeding for an order directing (1) the building inspector of the Town of Harrison to issue a building permit for the construction of a one-family dwelling on a specified lot, (2) the Town Board to act on appellant's application for the extension of a sewer district, in accordance with section 193 of the Town Law, and (3) the Planning Board or Town Board to determine the amount of the bond to be furnished the town in accordance with section 277 of the Town Law. The appeal is from an order denying the petition and dismissing the proceeding. Order unanimously affirmed, with costs, and without prejudice to such further proceedings for the same or similar relief as appellant may be advised, in connection with the development of its property in accordance with the provisions of the zoning ordinance and other applicable statutes. Appellant's principal contention is that it is entitled to a building permit for the particular plot mentioned, 10,000 square feet in area, because an amendment to the zoning ordinance, rezoning the district from one permitting a minimum plot of 10,000 square feet to one requiring a minimum of one acre, either had not become effective at the time the application for the permit was made, or was illegal and unconstitutional. Assuming, without deciding, that the amendment to the ordinance did not become effective until four days after appellant filed its application for the building permit, as appellant contends, we are of the opinion that the Special Term properly refused to direct the issuance of the permit. Its issuance would have been a futility in view of the change in the ordinance, forbidding the use sought by appellant, and the absence of the acquisition by appellant of any vested rights prior to such change. (Cf. Matter of Fox Lane Corp. v. Mann, 216 App. Div. 813, affd. 243 N. Y. 550; Matter of Fairchild Sons v. Rogers, 246 App. Div. 555, motion for leave to appeal denied 269 N. Y. 681; Matter of Atlas v. Dick, 275 App. Div. 670, affd. 299 N. Y. 654.) On the record presented, we find no basis for a holding that the amendment to the zoning ordinance was invalid. (Cf. Dilliard v. Village of North Hills, 276 App. Div. 969; Franmor Realty Corp. v. Village of Old Westbury, 280 App. Div. 945.) Since appellant was not entitled to the building permit, the other relief sought, incidental thereto, was also properly denied. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.