William R. Brennan, Jr., J.
This application, pursuant to article 78 of the Civil Practice Act, for an order reviewing and annulling a determination by the respondent Board of Zoning Appeals denying petitioner a permit to use as a two-family dwelling a building located on the northeast corner of Lee Avenue and Wallace Court, in the incorporated Village of Rockville Centre, is granted.
At the original hearing before the Zoning Board of Appeals it was established that some six or seven houses within the immediate neighborhood were used as two-family houses or as rooming and boarding houses. Petitioner submitted before that hearing evidence sufficient, prima facie, to demonstrate that the maintenance of a two-family dwelling in that neighborhood would not tend to depreciate the value of existing dwellings in the neighborhood.
The zoning ordinance here in question confers upon the Village Board of Appeals power to permit the requested use upon the finding of certain facts enumerated in section X of article X of the ordinance. The evidence submitted at the first hearing tended to establish all the enumerated facts. At the hearing a neighbor objected to the granting of the petition, stating “ I am against” and “I think it will devalue if you have one two-family after another.” This was the only evidence in the record on the question of neighborhood property devaluation. Six weeks after the hearing the Board of Appeals denied the application on the ground “ that further encroachment in this particular area in the granting of the application, such as the one in question, would tend to considerably depreciate the values of the properties in the immediate neighborhood.”
Thereafter petitioner brought an article 78 proceeding which resulted in a confirmation of the board’s action by order of Mr. Justice Hogan made January 22, 1960. His opinion stated in part: “ Petitioner contends that the only objecting neighbor who appeared at the hearing expressed the belief that the instant application could be granted without injury to the neighborhood; it appears that something of the sort was said, coupled, however, with the further opinion that a continued granting of such applications ivould have that effect.” (Emphasis supplied.) (Matter of Cappello v. Roos, N. Y. L. J., Jan. 27, 1960, p. 16, col. 8.)
Thereafter petitioner sought a rehearing from the respondent board on the basis of new facts. The respondents held a rehearing on April 6, 1960 and again denied the application on *237 the identical grounds stated in their first determination. At the second hearing the neighbor who originally objected stated that he had been misunderstood and that “ I have no objection if it goes according to a two-family dwelling ’ ’ and ‘ ‘ as long as it is used for a two family I am not against it.” It would therefore appear that the evidence in the original record upon which Mr. Justice Hogaít relied in sustaining the board’s original action has been contradicted and in effect eliminated in the second proceeding.
Petitioner now seeks an order annulling the determination of the Board of Appeals on the ground, among others, that there is no evidence in the record justifying its finding. While it is true that the mere fact that some premises in the neighborhood are used for two-family dwellings or boarding or lodging houses does not narrow the board’s discretion (Matter of Larkin Co. v. Schwab, 242 N. Y. 330), the existence of a number of two-family dwellings in the immediate vicinity is some evidence of the fact that property values would not depreciate if another two-family dwelling were allowed. Since this is not, strictly speaking, an application for a variance where the petitioner need show an “unnecessary hardship” (Matter of Otto v. Steinhilber, 282 N. Y. 71), and since the identical standards contained in the ordinance in question were held to be valid (Matter of Maxwell v. Klaess, 192 Misc. 939), the only question remaining for the court to decide is whether there is any substantial evidence in the record by which the board could have found a depreciation in the “value of the existing dwellings in the neighborhood ”, the only standard stated in the ordinance upon which the board relied in denying petitioner’s application.
The record is utterly barren of any evidence tending to establish a depreciation in value. Not only is the “finding” of the board conclusory in nature and unsupported by facts, but it appears that the board itself has not found that this specific permit would cause a devaluation. The board referred, rather, to “further encroachment” as having that effect. There is no support in the evidence for even this limited finding.
It is well established that when a zoning board of appeals turns down an application under a zoning ordinance there must be evidence in the record which supports the findings of fact upon which the application was denied. (Matter of Community Synagogue v. Bates, 1 N Y 2d 445.) When a record consists of nothing but conclusory statements which are as a matter of law insufficient to sustain the zoning board’s determination its decision must be annulled. (Matter of Forrest v. Evershed, 7 N Y 2d 256.) Accordingly, the determination is annulled.